UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK OLIVER<br>Plaintiff, | §<br>§ | CASE NO. _____________ |
| | § | |
| vs. | § | |
| | § | |
| WEEKS MARINE, INC<br>Defendants | §<br>§ | |

## SEAMAN'S COMPLAINT FOR DAMAGES

Plaintiff complains of WEEKS MARINE, INC. and will respectfully show the Court as follows:

### I.

### JURISDICTION AND VENUE

This is a case within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333, the general maritime law, and the Jones Act, 46 U.S.C. § 688. Venue is proper in this Court pursuant to Rule 82 of the Federal Rules of Civil Procedure because Defendant's

principal dredging business is located within this District and the acts and/or omissions giving rise to this action occurred off the coast of Louisiana.

II.

Plaintiff is a seaman and brings this action pursuant to 46 U.S.C. § 688 and 28 U.S.C. § 1333 and the general maritime law of the United States. Accordingly, pursuant to 28 U.S.C. § 1916, Plaintiff brings this action without the necessity of pre-payment of costs, fees or the necessity of furnishing security therefore.

III.

**PARTIES**

Plaintiff is a resident of the State of Mississippi.

IV.

WEEKS MARINE, INC. ["Weeks Marine"] is a New Jersey corporation and maintains its dredging division in Covington, Louisiana. Weeks Marine does substantial business in Louisiana and is subject to this Court's jurisdiction. Weeks Marine may be served with process through its registered agent: Patricia Driggers, 106 Derouche Avenue, Bourg, Louisiana 70343.

V.

**FACTS**

On or about November 12, 2009, Plaintiff was employed by Defendant, Weeks Marine, as an able-bodied seaman on the dredge vessel *CAPT FRANK*. While in the course and scope of his employment as a seaman, and in the service of the vessel, Plaintiff sustained serious injuries on board the *CAPT FRANK* off the coast of Louisiana near Grand Isle. At all material times

hereto, Defendant, Weeks Marine, was the owner and/or operator of the *CAPT FRANK*.

**VI.**

Said injuries were caused in whole or in part by the negligence of Defendant, its agents, servants and/or employees and/or was legally caused by the unseaworthiness of the vessel. Upon information and belief, Defendant failed in its duty to provide Plaintiff with a safe and seaworthy vessel on which to work. By the occurrence made the basis of this action, including the conduct on the part of Defendant, Plaintiff has experienced, and continues to experience pain, suffering, and mental anguish as a direct and proximate result of these injuries. Additionally, Plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

**VII.**

Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel. As a result, Defendant had, and continue to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duties continue. Defendant has denied payment and/or has unreasonably delayed payment for maintenance and cure. As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition

caused by Defendant's failure, attorney's fees and punitive damages for which he now sues, in addition to all other relief sought.

**VIII.**

Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

**IX.**

## CAUSE(S) OF ACTION

### JONES ACT NEGLIGENCE

The occurrence described above and the resulting injuries and damages to Plaintiff was the result of the negligence of the Defendant, its agents, servants, and employees, in one or more of the following particulars, singularly or in combination:

(a) Failing to maintain the vessel and its appurtenances and/or equipment in a safe and reasonable state of repair;

(b) Failing to take reasonable precautions for Plaintiff's safety;

© Failing to provide employees with a reasonably safe place for work;

(d) Failing to warn Plaintiff of known and/or existing hazards;

(e) Failing to provide proper equipment to Plaintiff; and

(f) Other acts and/or omissions to be shown at trial.

Plaintiff alleges the injuries and damages he sustained were caused in whole or in part by one or more of the foregoing acts and/or omissions of Defendant.

## X.

## UNSEAWORTHINESS

In the alternative, Plaintiff would show that Defendant failed in the duty to provide Plaintiff with a safe and seaworthy vessel on which to work, in that the vessel had unsafe and unfit appurtenances.

## XI.

## DAMAGES

As a result of the incident and foregoing injuries, Plaintiff sustained serious injuries and continues to undergo medical treatment for which he has incurred medical expenses in the past and will likely incur reasonable medical expenses in the future. Additionally, Plaintiff has suffered and continues to suffer physical pain and mental anguish. Plaintiff also suffered loss of wages in the past and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

## XII.

Additionally, Plaintiff brings a claim for punitive and/or exemplary damages for Defendant's willful and wanton failure to pay maintenance and cure, satisfy its obligations to pay for Plaintiff's medical bills, and approve recommended medical procedures and surgeries.

## XIII.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**WHEREFORE,** Plaintiff prays that Defendant be cited to appear and answer herein as the law directs, and that upon final hearing hereof, that Plaintiff have and recover judgment of

and from the Defendant together with pre- and post-judgment interest as allowed by law, costs of Court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

UNGAR & BYRNE

/s/ Evette E. Ungar
**EVETTE E. UNGAR (29013)**
**GEORGE W. BYRNE, JR. (3744)**
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
(504) 566-1616
*Counsel for Plaintiff*

**PLEASE SERVE:**

**WEEKS MARINE, INC.**
Through its registered agent for service of process
Patricia Driggers
106 Derouche Avenue
Bourg, Louisiana 70343