UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK OLIVER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-796** |
| **WEEKS MARINE, INC.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Weeks Marine, Inc.'s Motion for Partial Summary Judgment regarding plaintiff's general maritime law negligence claim (Doc. #38) is **DENIED**.

## BACKGROUND

On or about November 12, 2009, plaintiff, Patrick Oliver ("Oliver"), was injured while working on the M/V CAPTAIN FRANK, a vessel owned and operated by Weeks Marine. Although Weeks Marine owned and operated the vessel, Oliver was employed by Weeks Marine's wholly owned subsidiary, Atlantic Sounding Co., Inc. ("Atlantic"). On March 4, 2010, Oliver filed this suit in United States District Court for the Eastern District of Louisiana against Weeks Marine alleging claims for negligence and unseaworthiness under the general maritime law.[1]

---

[1] On January 5, 2010, Atlantic filed a declaratory judgment action in the United States District Court for the Southern District of Mississippi, seeking a declaration that Oliver is not entitled to maintenance and cure against Atlantic Sounding. See Atlantic Sounding Co., Inc. v. Oliver, USDC SDMS, C.A. No. 10-3. The United States District Court for the Southern District of Mississippi entered a default judgment and a declaratory judgment in favor of Atlantic, holding that Oliver is not entitled to maintenance and cure from Atlantic related to the alleged injury of November 12, 2009 while aboard the M/V CAPTAIN FRANK.

Weeks Marine filed a motion for partial summary judgment seeking dismissal of plaintiff's claim for negligence brought under the general maritime law.  Weeks Marine argues that seaman do not have a claim for negligence under the general maritime law.

## ANALYSIS

### A.   Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case.  Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### B.   A Seaman's Claim for Negligence Against Third Parties Under the General Maritime Law

"[A] Jones Act seaman may also sue third parties for general maritime law negligence." Becker v. Tidewater, Inc., 335 F.3d 376, 387 (5th Cir. 2003) (citing Usner v. Luckenbach Overseas Corp., 91 S.Ct. 514, 517 (1971)).

"The analysis of a maritime tort is guided by general principles of negligence law." In re Signal Intern., LLC, 579 F.3d 478, 491 (5th Cir. 2009) (internal quotation and citation omitted). "Under general tort principles, a tortfeasor is accountable only to those to whom a duty is owed." Id. "Duty is measured by the scope of the risk that negligent conduct foreseeably entails." Id. (internal quotation and citation omitted). "The risk [of foreseeability] is whether the harm that does occur is within the scope of danger created by the defendant's negligent conduct." Id. (internal quotation and citation omitted). In order for liability to be established, a plaintiff must demonstrate that a duty is owed, a breach of the duty, an injury, and a causal connection between the defendant's conduct and the plaintiff's injury. Canal Barge Co., Inc. v. Torco Oil Co., 220 F.3d 370, 376 (5th Cir. 2000).

Weeks Marine was not plaintiff's Jones Act employer, but a third-party vessel owner. Therefore, plaintiff may bring a claim for negligence under the general maritime law against Weeks Marine, and Weeks Marine's motion for partial summary judgment is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Weeks Marine, Inc.'s Motion for Partial Summary Judgment regarding plaintiff's general maritime law negligence claim (Doc. #38) is **DENIED**.

New Orleans, Louisiana, this  13th  day of June, 2011.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**