# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK OLIVER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-796** |
| **WEEKS MARINE, INC.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Amendment of Findings of Fact and Conclusions of Law, and Entry of Amended Judgment (Doc. #88) is **DENIED**.

## BACKGROUND

On November 12, 2009, plaintiff, Patrick Oliver, fell while descending a removable bunk bed ladder aboard the M/V CAPTAIN FRANK, a vessel owned and operated by defendant, Weeks Marine, Inc. On March 4, 2010, Oliver filed this suit in United States District Court for the Eastern District of Louisiana against Weeks Marine alleging claims under the general maritime law of negligence and unseaworthiness, claiming that the removable bunk bed ladder was unsafe and rendered the vessel unseaworthy, and that Weeks was negligent in failing to provide him with safe sleeping quarters. This matter was tried by the court without a jury on January 19 and 20, 2012.

With respect to the fall, Oliver testified that there was no warning that the ladder was going to come off of the bed, and that he has no idea what happened to the ladder. He did not check to ensure that it was properly attached to the bed before beginning his descent. He used the ladder twice per day for 53 days before the fall without any problems.

Geoffry Webster, called as an expert marine engineer by Oliver, opined that the bunk bed was not suitable for the marine application because it was not built into the structure of the boat, did not have lee rails for one to grab onto, and did not have a proper ladder for accessing the top bunk. He did not think the ladder was suitable because it was not permanently affixed and did not reach the floor.

David Scruton, called by Weeks Marine as an expert in marine operations and safety, opined that the bunk bed and ladder were fit for their intended use, and that nothing about the bunk bed or ladder played a substantial part in bringing about or actually causing Oliver's accident. He testified that this type of ladder "is a normal ladder that you see on quite a few inland type vessels," and that "ladders like the one in question are in wide use, not only on dredges and rigs, platforms, offshore support vessels, cruise liners, and freighters." Scruton testified that there is nothing inherently unsafe about the type of bunk bed and ladder at issue.

At the time of the incident, Weeks Marine was performing work for the United States Army Corps of Engineers. The United States Army Corps of Engineers Manual states that ladders shall be used only for their intended use, and that portable ladders must be sufficient length and be placed so that the worker does not have to stretch or assume a dangerous position, must extend three feet above the landing surface or the worker must have a grasping device, and must have slip-resistant feet. Also, ladders must be secured by top, bottom, and intermediate fastenings as necessary to hold them rigidly in place and support the loads.

On April 4, 2012, this court issued a Findings of Fact and Conclusions of law in which it found that Oliver did not carry his burden of proving that Weeks Marine is liable to him under the

general maritime law of negligence or unseaworthiness, because he did not establish that, with respect to the bunk bed ladder, Weeks Marine breached its duty of ordinary care under the circumstances or provided a vessel and equipment that was not reasonably fit for its intended use. The court noted that Webster's testimony established that there was another type of bunk bed and ladder available that Weeks Marine could have used, that the ladder in question could have been safer, and that the ladder did not comply with the provisions applicable to ladders in the Weeks Marine safety handbook or the United States Army Corps Engineers Manual. However, the court found that Oliver did not presented any evidence that Weeks Marine knew or had reason to know that the ladder was not reasonably fit for its intended use, because he admitted that he used the ladder 107 times prior to the accident without any issues and that he did not check to ensure the ladder was properly affixed before using it and that he cannot explain what happened. Also, Scruton testified that the type of ladder in question is common in the maritime industry. and that there was nothing defective about the particular ladder involved in the accident. Further, the court found that the provisions in the Weeks Marine safety handbook and the United States Army Corps of Engineers Manual pertaining to ladders are not specifically applicable to bunk bed ladders. This evidence, taken together, demonstrated that Weeks Marine was entitled to judgment in its favor.

## ANALYSIS

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. <u>Bass v. U.S. Dep't of Agric.</u>, 211 F.3d 959, 962 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter

or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also FED. R. CIV. PRO. 59(e). Because plaintiffs filed the instant motion on April 13, 2012, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

Oliver argues that the court erred by failing to find that the vessel was unseaworthy because the bunk bed ladder in question did not comply with the provisions in the United States Army Corps of Engineers Manual pertaining to ladders. He argues that the provisions are broadly written and apply to all portable ladders, including the bunk bed ladder at issue. Oliver made these arguments in his post-trial memoranda. The court disagreed, and found that the provisions were not specific enough to encompass the ladder at issue when viewed in light of the other evidence in the case, particularly Scruton's testimony regarding the prevalence of this type of bunk bed ladder in the maritime industry and Oliver's testimony that he used the ladder without problems for 53 days prior to the incident. Oliver has not presented any new facts or changes in the law that warrant

4

reconsideration of the court's Findings of Fact and Conclusions of Law. Therefore, his motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Amendment of Findings of Fact and Conclusions of Law, and Entry of Amended Judgment (Doc. #88) is **DENIED**.

New Orleans, Louisiana, this __16th__ day of May, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**