UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK OLIVER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-796** |
| **WEEKS MARINE, INC.** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States Magistrate Judge's Order Denying Weeks Marine, Inc.'s Motion to Examine Judgement Debtor (Doc. #105) is **REVERSED**.[1]

**IT IS FURTHER ORDERED** that Weeks Marine, Inc.'s Motion to Examine Judgment Debtor (Doc. #104) is **GRANTED**.

### BACKGROUND

This matter is before the court on an appeal of the Magistrate Judge's Order Denying Weeks Marine, Inc.'s Motion to Examine Judgment Debtor.

On November 12, 2009, plaintiff, Patrick Oliver, fell while descending a removable bunk bed ladder aboard the M/V CAPTAIN FRANK, a vessel owned and operated by defendant, Weeks Marine, Inc. On March 4, 2010, Oliver filed this suit in United States District Court for the Eastern District of Louisiana against Weeks Marine alleging claims under the general maritime law of negligence and unseaworthiness. This matter was tried by the court without a jury on January 19 and 20, 2012. After the trial, the court found that Weeks Marine was entitled to judgment in its favor because Oliver did not establish either negligence or unseaworthiness under the general maritime law. The court entered a judgment which stated:

---

[1] Weeks Marine, Inc.'s Appeal of the Magistrate Judge's Order is Doc. #106.

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that there be judgment in favor of the defendant, Weeks Marine, Inc., and against the plaintiff, Patrick Oliver, dismissing the complaint and amended complaint with prejudice.

Thereafter, Weeks Marine submitted a bill of costs to the Clerk of Court. After considering Oliver's objections to certain cost items, the Clerk of Court awarded Weeks Marine costs in the amount of $5,096.40.

Oliver appealed this court's judgment in favor of Weeks Marine to the United States Court of Appeals for the Fifth Circuit, which affirmed this court's ruling. Thereafter, Weeks Marine filed a motion for a judgment debtor examination against Oliver regarding Weeks Marine's costs award. The Magistrate Judge denied the motion finding that the examination was not warranted because the district court did not expressly award costs to Weeks Marine under Rule 54(d) of the Federal Rules of Civil Procedure.

## ANALYSIS

**A.    Legal Standard**

Pursuant to 28 U.S.C. § 636(b)(1)(A) a district judge may designate a magistrate judge to hear and determine any non-dispositive pretrial matter pending before the court. The district judge may reconsider the magistrate judge's rulings on these matters under a clearly erroneous standard of review. Id. Under 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to conduct hearings and submit to the district judge proposed findings of fact and recommendations for dispositive matters, which the district judge reviews de novo.

Further, "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." Id. at § 636(b)(3). A matter referred to a magistrate judge under § 636(b)(3) is "subject to review under the two standards of review set forth above." N.L.R.B. v. Frazier, 966 F.2d 812, 816 (3rd Cir. 1992). The district judge employs a clearly erroneous standard if the matter referred to the magistrate judge is "more akin to a pretrial motion," but conducts a de novo review if the matter "closely resembles" a dispositive motion. Id.

In this case, Weeks Marine seeks review of the magistrate judge's denial of its motion for a judgment debtor examination. Rule 69 of the Federal Rules of Civil Procedure permits a judgment creditor to conduct discovery from any person, including a judgment debtor. Thus, the magistrate judge's order denying Weeks Marine's motion to conduct a judgment debtor examination was akin to a ruling on a discovery motion, and this court will apply a clearly erroneous standard of review.

**B.     Rule 54(d)**

Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." This rule creates "a strong presumption that the prevailing party will be awarded costs" Pacheco v. Mineta, 448 F.3d 783, 793 (5th Cir. 2006) (citing Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985)). "Indeed, . . . the prevailing party is prima facie entitled to costs . . . [and] a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." Id. (quotations and citations omitted). Thus, the presumption dictates "that if the judgment entered by the district court makes no mention of costs at all, the judgment is presumed to be one allowing costs." 3-25 MOORE'S MANUAL – FEDERAL

PRACTICE AND PROCEDURE § 25.61 (2013) (citing Congregation of the Passion v. Touche, Ross & Co., 854 F.2d 219, 221 (7th Cir. 1988)).

Here, the judgment did not make any mention of costs. Therefore, it is presumed to be one awarding costs to Weeks Marine, the prevailing party. Because the judgment implicitly awarded costs to Weeks Marine, the magistrate judge's order denying Weeks Marine's motion for a judgment debtor examination was clearly erroneous and is REVERSED. Weeks Marine's Motion to Examine Judgment Debtor is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States Magistrate Judge's Order Denying Weeks Marine, Inc.'s Motion to Examine Judgement Debtor (Doc. #105) is **REVERSED**.

**IT IS FURTHER ORDERED** that Weeks Marine, Inc.'s Motion to Examine Judgment Debtor (Doc. #104) is **GRANTED**.

New Orleans, Louisiana, this 14th day of August, 2013.

Mary Ann Vial Lemmon

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**